

FILED

July 10, 2018

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

4:08 P.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| ERIC HENSON, | ) | Docket No. 2017-07-0383 |
| Employee, | ) | |
| v. | ) | |
| WAL-MART, | ) | State File No. 35534-2016 |
| Employer, | ) | |
| And | ) | |
| NEW HAMPSHIRE INS. CO., | ) | Judge Allen Phillips |
| Carrier. | | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

Mr. Henson requested medical and temporary disability benefits for an alleged back injury at Wal-Mart on May 11, 2016. Wal-Mart argued his injury did not arise out of his employment. The Court heard the dispute on July 2, 2018, and holds Mr. Henson is not entitled to the requested benefits at this time.

### History of Claim

Mr. Henson claimed he injured his back when he and another Wal-Mart associate moved a heavy box that began to fall. When Mr. Henson reached to steady it, he felt a "pop" in his low back and the onset of "excruciating" pain.

Wal-Mart provided a panel of physicians from which Mr. Henson chose Dr. Peter Gardner, a general practitioner in Jackson. On May 11, Mr. Henson detailed the injury to Dr. Gardner and also said he "started having trouble with [his] back about 2 mo. after I started working for Wal-Mart but not like this." Mr. Henson told Dr. Gardner he was seeing "pain specialists" for his back and that he had been diagnosed with "3 bulging discs." Dr. Gardner took x-rays that revealed "no acute injury," and he diagnosed lumbar strain. He placed Mr. Henson on light duty and told him to return in one week.

1

Mr. Henson returned as scheduled on May 18 and reported "60-65%" improvement. Dr. Gardner maintained the light-duty restrictions and told him to return in another week. Mr. Henson did so on May 25 and reported he was worse. Dr. Gardner maintained the same restrictions and recommended six physical therapy visits.

During this time, Wal-Mart asked for Dr. Gardner's opinion of the cause of Mr. Henson's injury. Namely, the claim handler wrote to Dr. Gardner that, under the Tennessee Workers' Compensation Law, an injury "'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury when considering all causes." She asked for his causation opinion under that definition, to which Dr. Gardner responded on May 27:

> Mr. Henson has an extensive documented history of lumbar trauma and/or problems for which he requires chronic pain management. After careful evaluation and exam, I can safely conclude that the patient's recently reported injury did not arise predominately out of the course and scope of his employment. To clarify, I cannot conclude that patient's symptoms were caused by present job to a degree greater than fifty percent.

Based on this response, Wal-Mart denied Mr. Henson's claim and provided no further medical benefits after May 25.

Mr. Henson continued medical treatment on his own after Wal-Mart's denial. He testified he saw his personal physician but offered no records from that physician. He did offer records from Jackson-Madison County General Hospital that included reports of several pain blocks. Additionally, an MRI report dated July 13, 2016, noted the interpreting radiologist found "no acute process" but, instead, congenital narrowing of the spinal canal and degenerative changes that potentially caused "significant areas of neural compromise." A radiologist interpreted another MRI on May 31, 2017, as showing "no distinct focal process or change compared to July 2016."

Mr. Henson also introduced records from Dr. John Neblett beginning with a visit on October 19, 2016. On that date, Dr. Neblett noted Mr. Henson had suffered low back pain for three years but now it was "severe to the point he had to quit work [at] Wal-Mart." He noted the MRI which showed "congenital stenosis below L3" and made that diagnosis himself. An April 4, 2017 record noted two pain blocks "helped tremendously" but, after a third block and physical therapy, Mr. Henson returned on May 3 reporting his condition was worse. Dr. Neblett ordered the MRI later performed on May 31 and discussed above. Mr. Henson offered no other records from Dr. Neblett.

Mr. Henson further testified he saw Dr. Arthur Ulm, a Nashville surgeon, under private insurance. He said Dr. Ulm planned surgery but later discontinued treatment after

2

learning he was claiming workers' compensation benefits. Currently, Mr. Henson sees his personal physician in Henderson.

Wal-Mart confronted Mr. Henson with a medical record from 2014 that documented treatment for low back pain and sciatica and a record from 2015 that recorded Mr. Henson complained of back pain at Wal-Mart for one year. The record from 2015 contained a diagnosis of sciatica and spinal stenosis. Mr. Henson conceded previous treatment for back pain but contended the pain was located higher on his spine in the past and was not disabling until the incident in question. Mr. Henson's fiancée corroborated his testimony regarding the ill effects of the incident on Mr. Henson's pain and inability to work.

Mr. Henson requested that Wal-Mart provide him medical evaluation and treatment of his injury. He also requested benefits for his lost time from August 15, 2016, when Wal-Mart terminated him "due to health," until he completes treatment. Wal-Mart argued that Dr. Gardner's opinion was entitled to a presumption of correctness that Mr. Henson must rebut by a preponderance of the evidence. Further, it argued that the evidence confirmed he complained of similar back issues at least two years before the incident.

## Findings of Fact and Conclusions of Law

Mr. Henson must come forward with sufficient evidence to establish he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). The Court holds he did not.

First, Wal-Mart correctly argued that Dr. Gardner's opinion is afforded a presumption of correctness because Mr. Henson chose him from a panel. Tenn. Code Ann. § 50-6-102(14)(E). Wal-Mart also argued correctly that Dr. Gardner did not attribute more than fifty percent of the cause of Mr. Henson's condition to the May 11 incident as required by statute. *See* Tenn. Code Ann. § 50-6-102(14)(C). He offered no proof to rebut Dr. Gardner's opinion. To the contrary, the medical records that Mr. Henson introduced reference back pain that pre-existed the May 11 incident for up to two years. This time is consistent with the 2014 record documenting prior back pain and the record that Wal-Mart confronted Mr. Henson with at the hearing. Moreover, those other medical records include a diagnosis of a congenital, non-acute condition and do not mention the incident at Wal-Mart.

Second, the Court considered the testimony of Mr. Henson and his fiancée that the May 11 incident caused a dramatic worsening of his condition, to the point of his being unable to continue working. However, he must present expert medical proof that his alleged injury is causally related to his employment at Wal-Mart. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015). Here, the only medical

3

evidence addressing causation is Dr. Gardner's opinion that Mr. Henson's condition is not related to his employment with Wal-Mart. Thus, the Court must deny his claim for benefits at this time.

**THEREFORE, THE COURT ORDERS** as follows:

1. Mr. Henson's request for benefits is denied at this time.

2. This matter is set for a Status Hearing on **Monday, September 17, 2018, at 9:30 a.m. Central Time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Status Hearing.**

**ENTERED this the 11th of July, 2018.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Affidavit of Eric Henson
2. Medical Records of Dr. Peter Gardner
3. First Report of Work Injury
4. Choice of Physician Form (C-42)
5. Notice of Denial (C-23)
6. Separation Notice
7. Medical Records of Dr. John Neblett
8. Medical Records of Jackson-Madison Co. General Hospital
9. 2014 Medical Record of Hardin Medical Center
10. 2015 Medical Record of Sports Plus Aquatherapy

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Show Cause Hearing
4. Order Granting Additional Time After Show Cause Hearing
5. Request for Expedited hearing

4

6. Employer's Motion to Dismiss
7. Employer's Motion to Strike Pleadings
8. Employer's Supplemental Motion to Dismiss
9. Employer's Supplemental Motion to Strike
10. Employer's Objection to On-The-Record Expedited Hearing
11. Request for Expedited Hearing
12. Order Denying Motion to Dismiss and Motion to Strike

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on July 11, 2018.

| Name | First Class Mail | Via Email | Service sent to: |
|------|------------------|-----------|------------------|
| Eric Henson, Self-Represented Employee | X | X | 960 Sand Mountain Rd., Jacks Creek, TN 38347 darlaj0722@gmail.com |
| Jay Johnson, Esq., Employer's Attorney | | X | jay@cmwatsonlaw.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

5